## C. A. REMILLARD v. RALPH ROBINSON and Another.[1]

May 21, 1909.

Nos. 16,104—(113).

**Findings — Evidence.**

Evidence considered, and *held* not clearly against the findings of the trial court.

[1] Reported in 121 N. W. 217.

108 M.—6.

Action begun in justice court to recover $68.66. From the decision of the justice court an appeal was taken to the district court for Todd county. In that court the case was tried before Baxter, J., who made findings and as conclusion of law found in favor of defendants. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*G. F. Cashman,* for appellant.

*F. C. McGivern* and *M. J. Daly,* for respondents.

BROWN, J.

This action, according to the allegations of the complaint, is one for money had and received. It was tried below without a jury, resulting in findings to the effect that the allegations of the complaint were not true, upon which judgment was ordered for defendants. Plaintiff appealed from an order denying a motion for a new trial.

The sole question presented is whether the findings are sustained by the evidence. It appears that one Keppel was in the employ of the Northern Pacific Railway Company, and had become in debt to various persons, who were pressing their claims for payment, threatening garnishment proceedings to enforce their demands. Keppel applied to defendants for relief, and an arrangement was entered into by which defendants signed a promissory note with him, and thereby obtained funds with which to meet and satisfy the creditors, but upon the further agreement of Keppel to transfer his monthly wages to defendants, to be by them applied, first, $50 toward Keppel's family and household expenses, and, second, the balance upon the note so executed, until the same was paid in full. This arrangement was thereafter carried out, and the monthly wages of Keppel paid by the railway company to defendants, and they applied them in accordance with the agreement. They received Keppel's wages for the months of September and October, and after paying the agreed amount of his household expenses, $50 per month, there remained in their hands the sum of $68.66, or more, which they claim was applied upon the promissory note. This action was brought to recover that amount, and plaintiff now claims that

Keppel assigned it to him by an oral agreement prior to the commencement of this action.

Brushing aside all technical objections, and conceding, without so deciding, that plaintiff may recover on the theory that the money received by defendants belonged to Keppel, and that he duly assigned it to plaintiff, notwithstanding his complaint seeks a recovery on the basis of money had and received, the evidence is insufficient to justify a judgment in his favor on either theory. If the money in question was received by defendants pursuant to the agreement made when they signed the promissory note, and for the purposes of that arrangement, it belonged to them, and Keppel had no right to assign it to plaintiff, or to direct its application upon other obligations. That it was so received is clear from the evidence. If the promissory note had, prior to the receipt of this particular money, been paid, plaintiff should have shown the fact. However, it appears not to have been paid, for the holder of the note testified that there was at this date the sum of $110 still due thereon. It follows, therefore, that whether plaintiff's action be treated as one for money had and received, or upon an alleged assignment of the money, the evidence is insufficient to justify a recovery by him, and the court properly ordered judgment for defendants.

Order affirmed.